## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

YPSILANTI TOWNSHIP CITIZENS FOR
RESPONSIBLE GOVERNMENT, ballot
question committee,

              Plaintiff,

v.

JOCELYN BENSON, in her official capacity
as Secretary of State of Michigan,
LAWRENCE KESTENBAUM, in his
official capacity as Washtenaw County
Clerk, and HEATHER JARRELL ROE, in
her official capacity as Ypsilanti Township
Clerk.

              Defendants.

Case No.

Hon.

| | |
|---|---|
| Hannah Stocker (P82847)<br>Attorneys for Plaintiffs<br>23332 Farmington Road #98<br>Farmington, MI 48336<br>(248) 252-6405 (phone)<br>hannah@stockerlawpllc.com | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Ypsilanti Township Citizens for Responsible Government

("Plaintiff"), in its capacity as local ballot question committee, by and through its

counsel, Hannah Stocker, files its Complaint for Declaratory and Injunctive Relief,

against Defendants Jocelyn Benson, Secretary of State of Michigan, in her official capacity; and Heather Jarrell Roe, in her official capacity as Ypsilanti Township Clerk.

## INTRODUCTORY STATEMENT AND SUMMARY

1.     Plaintiff is a duly-formed ballot question committee, formed for the purpose of supporting a initiative petition to prohibit the establishment of marihuana establishments in the Charter Township of Ypsilanti (the "Township"), pursuant to Mich. Comp. Laws. § 333.27956(1).

2.     Plaintiff is filing this action to challenge the constitutionality of Mich. Comp. Laws § 333.27956(1), which provides no method for a petitioner to challenge a municipal officer's petition sufficiency determination.

3.     To place a voter's initiative to prohibit marihuana establishments in Ypsilanti Township on the August 2022 ballot, Plaintiff needed to submit a petition containing a number of signatures of qualified electors in the Township greater than 5% of the votes cast by qualified voters in the Township in the last gubernatorial election.

4.     In the 2018 gubernatorial election, 23,856 registered electors voted in the Township. Therefore, Plaintiff needed to collect 1,193 valid signatures to have its petition placed on the August 2, 2022 ballot.

5.      Despite Plaintiff collecting what it believed to be 2,896 total signatures in support of its initiative, Township Clerk, Defendant, Heather Jarrell Roe ("Defendant Roe"), has canvassed the petitions and determined that Plaintiff did not collect enough signatures to have its initiative placed on the ballot.

6.      Neither the Michigan Regulation and Taxation of Marihuana Act, the Charter Township Act, nor the Michigan Election Law provide Plaintiff with an outlet to challenge Defendant Roe's determination.

7.      Plaintiff seeks a declaration that Mich. Comp. Laws § 333.27956(1) violates its First and Fourteenth Amendment right to ballot access and the right of the voters to free association and violates Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

8.      Plaintiff also seeks an order enjoining Defendants from enforcing the signature threshold in Mich. Comp. Laws § 333.27956(1) and requiring Defendants to craft remedies relating to these provisions that address constitutional infirmities.

9.      Plaintiff brings this action under 42 U.S.C. § 1983 to vindicate its rights under the Fourteenth Amendment to the United States Constitution against deprivation of liberty without due process of law.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this is a civil action seeking relief for the deprivation of rights secured by the United States Constitution.

11.     Jurisdiction also arises under 42 U.S.C. § 1983 in relation to Mich. Comp. Laws § 333.27956(1)'s violation of Plaintiff's constitutional rights to due process.

12.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because it is the judicial district where the Charter Township of Ypsilanti is located and where the majority of events giving rise to this action occurred.

## PARTIES

13.     Plaintiff, Ypsilanti Township Citizens for Responsible Government, is a duly-formed ballot question committee which seeks to place a voter's initiative prohibiting recreational marihuana establishments in Ypsilanti Township on the August 2, 2022 ballot.

14.     Defendant, Jocelyn Benson, is sued in her official capacity as the Michigan Secretary of State. As Secretary of State, she serves as Michigan's chief election officer. Mich. Comp. Laws § 168.21.

15.     Defendant, Lawrence Kestenbaum, is sued in his official capacity as the Washtenaw County Clerk. As Washtenaw County Clerk, Defendant Kestenbaum

is the county's chief election official and receives certification of Plaintiff's petition by the Ypsilanti Townshi Clerkp.

16.     Defendant, Heather Jarrell Roe ("Defendant Roe"), is sued in her official capacity as Clerk of the Township of Ypsilanti, who, upon information and belief, is responsible for determining whether the submitted petition is adequate.

## BACKGROUND FACTS AND ALLEGATIONS

### THE MICHIGAN REGULATION AND TAXATION OF MARIHUANA ACT

17.     In 2018, the electors of Michigan passed the Michigan Regulation and Taxation of Marihuana Act ("MRTMA"), Mich. Comp. Laws § 333.27951 et seq., which legalized recreational marihuana and established a system to regulate, tax, and license marihuana businesses in the State.

18.     With the passage of MRTMA, municipalities were automatically "opted in" to allowing recreational marihuana businesses within their boundaries.

19.     However, Mich. Comp. Laws § 333.27956(1) provides municipalities with a mechanism to prohibit or limit the establishment of marihuana businesses within their boundaries.

20.     Mich. Comp. Laws § 333.27956(1) allows municipalities or electors of municipalities to prohibit or limit the establishment of marihuana businesses through the passage of ordinances.

21.     Under Mich. Comp. Laws § 333.27956(1):

> [i]ndividuals may petition to initiate an ordinance to provide for the number of marihuana establishments allowed within a municipality or to completely prohibit marihuana establishments within a municipality, and such ordinance shall be submitted to the electors of the municipality at the end regular election when a petition is signed by qualified electors in the municipality in a number greater than 5% of the votes cast for governor by qualified electors in the municipality at the last gubernatorial election. A petition under this subsection is subject to section 488 of the Michigan election law, 1954 PA 116, MCL 168.488.

22.     Mich. Comp. Laws § 168.488 requires initiative petitions to comply with § 168.482(1), (4), (5), and (6) of the Michigan Election Law.

23.     Therefore, to have its initiative placed on the ballot, a ballot initiative committee needs to submit a petition that is signed by a number of electors equal to 5% of the community's electors who voted in the last gubernatorial election and ensure its petition complies with the formatting set forth in Mich. Comp. Laws § 168.482(1), (4), (5), and (6).

## THE INITIATIVE PETITION

24.     In March and April 2022, Plaintiff circulated an initiative petition that, if enacted, would prohibit marihuana establishments in the Charter Township of Ypsilanti (the "Township").

25.     Through Plaintiff's efforts, Plaintiff obtained 2,896 signatures in support of its Initiative Petition.

26.    On April 26, 2022, Plaintiff submitted its Initiative Petition to Defendant Roe for canvassing.

27.    On April 29, 2022, Defendant Roe sent Plaintiff a letter, indicating as follows:

> On April 26, Ypsilanti Township Citizens for Responsible Government submitted petitions to the Charter Township of Ypsilanti Clerk's Office. The petitions were submitted pursuant to MCL 333.27956. Under MCL 333.27956, the petitions are required to contain a number greater than 5% of the votes cast for governor by qualified electors in the municipality at the last gubernatorial election. The petitions did not meet this threshold.

28.    On May 2, 2022, Plaintiff's Counsel contacted both the Township Counsel and Litigation Counsel, requesting a copy of Defendant Roe's signature report to determine the number of signatures invalidated, which signatures were invalidated, and for what reason.

29.    Neither counsel responded to Plaintiff's Counsel's request and Plaintiff has no opportunity to affirm the validity of any signatures contained in the Initiative Petition.

30.    Because Defendant Roe has deemed Plaintiff did not obtain 1,193 valid signatures, Defendant Roe has refused to place the Initiative on the August ballot.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

31. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

32. The First Amendment of the United States Constitution prohibits the abridgment of speech and political association.

33. The First Amendment applies to the states through the Fourteenth Amendment.

34. All persons violating the First Amendment under color of state law are liable in equity and at law under 42 U.S.C. § 1983.

35. The right to initiative is protected by the Federal Constitution through the Due Process clause. *See Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 294 (6th Cir. 1993) ("[O]nce a state creates an initiative, the initiative becomes a means by which voters can communicate with other voters; therefore, the state must ensure that the process does not violate federal constitutional rights.")

36. Plaintiff is a ballot question committee that has actively and diligently attempted to obtain sufficient signatures to place an initiative petition on the ballot pursuant to Mich. Comp. Laws § 333.27956(1).

37. Although Plaintiff believed it obtained 2,896 signatures (12% of the number of electors who voted for governor in Ypsilanti Township in the 2018 gubernatorial election) in support of the Initiative Petition, Defendant Roe has, upon

information and belief, invalidated over 1,700 signatures and refused to certify the ballot question language for the August 2, 2022 election.

38.   The Michigan Regulation and Taxation of Marihuana Act fails to provide any mechanism to challenge Defendant Roe's sufficiency determination.

39.   Neither the Michigan Election Law, Mich. Comp. Laws § 168.1 et seq., nor the Charter Township Act provide any mechanism to challenge Defendant Roe's sufficiency determination.

40.   Mich. Comp. Laws § 333.27956(1) is a ballot access law.

41.   When assessing the validity of ballot access laws, a court must analyze the "character and magnitude of the asserted injury" to the plaintiff's constitutional rights in relation to the government's interest in enforcing the regulation. *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).

42.   If an undue burden is placed on the plaintiff's constitutional rights, strict scrutiny applies and a regulation is deemed invalid, unless it is narrowly tailored to advance a compelling state interest. *See Graveline v. Benson*, 992 F.3d 524, 534 (6th Cir. 2021).

43.   The right to cast an effective vote "is one of the most fundamental significance under [America's] constitutional structure." *Libertarian Pty of Ohio v. Blackwell*, 462 F.3d 579, 585 (6th Cir. 2006).

44.   The First Amendment right to free speech is violated if state laws effectively prevent an individual or group from gaining ballot access. *Libertarian Pty of Ohio v. Blackwell*, 462 F.3d 579, 582 (6th Cir. 2006)

45.   Mich. Comp. Laws § 333.27956(1) violates Plaintiff's First and Fourteenth Amendment right to free political speech and free political association by robbing Plaintiff of any way to validate signatures that have been deemed invalid by the Township Clerk.

46.   Mich. Comp. Laws § 333.27956(1) effectively denies Plaintiff access to the ballot by failing to provide petitioners like Plaintiff the ability to challenge the municipal official's determination.

47.   As a result of this, Township residents have been denied the right to vote and advocate for their cause.

48.   As such, Mich. Comp. Laws § 333.27956(1) places a severe burden on Plaintiff's First and Fourteenth Amendment rights.

49.   If a state regulation imposes a severe burden on a plaintiff's constitutional rights, strict scrutiny applies and the regulation will only be upheld if it is narrowly drawn to advance a state interest of compelling importance. *See Graveline v. Benson*, 992 F.3d 524, 534 (6th Cir. 2021).

50.   Mich. Comp. Laws § 333.27956(1) is not narrowly tailored to advance the government's interest in regulating elections, as less restrictive means exist.

51.    The lack of procedural safeguards for unlawful denial of ballot access under Mich. Comp. Laws § 333.27956(1) is burdensome, unreasonable, and not narrowly tailored to meet any compelling or legitimate state interest.

52.    Mich. Comp. Laws § 333.27956(1) violates Plaintiff's First and Fourteenth Amendment rights to free political speech.

## COUNT II – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

53.    The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

54.    The Fourteenth Amendment of the United States Constitution and art I, § 17 of the Michigan Constitution prevent the deprivation of life, liberty or property without due process of law. Included within this protection are the rights to notice and a hearing when the state deprives an individual or an entity a fundamental liberty interest.

55.    Plaintiff has a fundamental liberty interest in obtaining access to the ballot via initiative petition. See U.S. CONST. amend I.

56.    Plaintiff has a fundamental liberty interest in gaining access to the ballot if its initiative format complies with Mich. Comp. Laws § 168.488 and has obtained signatures in excess of the 5% threshold set forth in Mich. Comp. Laws § 333.27956(1).

57.     Mich. Comp. Laws § 333.27956(1) cannot deprive Plaintiff of this right without providing notice and an opportunity to be heard.

58.     Because Mich. Comp. Laws § 333.27956(1) affords no opportunity for Plaintiff to challenge the clerk's sufficiency determination, there is a high risk of erroneous deprivation of Plaintiff's right to ballot access.

59.     The State has no legitimate interest in providing no procedural safeguards to allow Plaintiff to challenge the Clerk's sufficiency determination.

60.     The State will suffer little to no harm if required to establish a procedural safeguard.

61.     Mich. Comp. Laws § 333.27956(1) violates Plaintiff's federal and state due process rights by providing Plaintiff with no opportunity to be heard to challenge Defendant Roe's petition sufficiency determination.

62.     Mich. Comp. Laws § 333.27956(1) deprives Plaintiff of due process.

## COUNT III – DECLARATORY RELIEF

63.     The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

64.     An actual controversy exists between Plaintiff and Defendants

65.     As such, the Court must determine the following:

    a.  Whether Mich. Comp. Laws § 333.27956(1) violates Plaintiff's First and Fourteenth Amendment Constitutional rights;

b. Whether Mich. Comp. Laws § 333.27956(1) violates Plaintiff's right to procedural due process;

c. Whether, given the statutory framework of the Michigan Election Law, MRTMA, and Charter Act, Plaintiff has any available remedy to challenge the Clerk's determination;

d. Other determinations, orders, and judgments necessary to fully adjudicate the rights of the parties.

66.    Therefore, Plaintiff requests a declaration that Mich. Comp. Laws § 333.27956(1) violates Federal and State Law.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Enter judgment in favor of Plaintiff and against Defendants;

B.    Declare that Mich. Comp. Laws § 333.27956(1) deprives Plaintiff of its First and Fourteenth Amendment Rights;

C.    Declare the Mich. Comp. Laws § 333.27956(1) deprives Plaintiff of a liberty interest without due process;

D.    Compel Defendant Roe to certify Plaintiff's petition to the Washtenaw County Clerk for the August 2, 2022 election;

E.    Enjoin enforcement of Mich. Comp. Laws § 333.27956(1) until the Secretary of State has created a procedural safeguard to prevent petitions from being subject to erroneous deprivation of their rights under that Section;

F.      Issue a preliminary injunction prohibiting Defendants from enforcing the signature requirements contained in Mich. Comp. Laws § 333.27956(1) as it applies to Plaintiff and similarly situated local ballot question committees;

G.      Order that Defendants craft appropriate remedies with regard to petition signature requirements as found in Mich. Comp. Laws § 333.27956(1), so as to rectify constitutional infirmities; and

H.      Grant or award such other relief as the Court may deem just, equitable or appropriate under the circumstances.


                                    Respectfully Submitted,

Dated:  May 6, 2022


                                    /s/ Hannah Stocker
                            By: _____
                                    Hannah Stocker (P82847)
                                    Attorneys for Plaintiff
                                    23332 Farmington Road, #98
                                    Farmington, MI 48336
                                    (248) 252-6405 (telephone)
                                    Hannah@stockerlawpllc.com