UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

YPSILANTI TOWNSHIP CITIZENS FOR
RESPONSIBLE GOVERNMENT, ballot
question committee,

     Plaintiff,

                                 Case No. 5:22-cv-10975

v .                            Hon. Denise Page Hood

JOCELYN BENSON, in her official capacity
as Secretary of State of Michigan,
LAWRENCE KESTENBAUM, in his
official capacity as Washtenaw County
Clerk, and HEATHER JARRELL ROE, in
her official capacity as Ypsilanti Township
Clerk.

     Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
and
ORDER REGARDING POSSIBLE HEARING ON
MOTION FOR PRELIMINARY INJUNCTION**

## I.    Introduction

On May 6, 2022, Plaintiff "fil[ed] this action to challenge the constitutionality of Mich. Comp. Laws § 333.27956(1), which [Plaintiff claims] provides no method for a petitioner to challenge a municipal officer's petition sufficiency determination."  On the same day, Plaintiff filed an Ex Parte Motion

for Preliminary Injunction and Temporary Restraining Order ("Motion for TRO").

ECF No. 2.

> Under Mich. Comp. Laws § 333.27956(1):
>
> Individuals may petition to initiate an ordinance to provide for the number of marihuana establishments allowed within a municipality or to completely prohibit marihuana establishments within a municipality, and such ordinance shall be submitted to the electors of the municipality at the end regular election when a petition is signed by qualified electors in the municipality in a number greater than 5% of the votes cast for governor by qualified electors in the municipality at the last gubernatorial election. A petition under this subsection is subject to section 488 of the Michigan election law, 1954 PA 116, MCL 168.488.

This means that, to have its initiative placed on the ballot, a ballot initiative committee such as Plaintiff needs to submit a petition that is signed by a number of electors equal to 5% of the community's electors who voted in the last gubernatorial election and ensure its petition complies with the formatting set forth in Mich. Comp. Laws § 168.482(1), (4), (5), and (6).

Plaintiff claims that it submitted an initiative petition with 2,896 signatures to the Township on April 26, 2022, even though it asserts it only needed 1,193 signatures to meet the 5% threshold.  On April 29, 2022, Defendant Roe sent Plaintiff a letter, indicating that:

> [Plaintiff's] submitted petitions . . . were submitted pursuant to MCL 333.27956. Under MCL 333.27956, the petitions are required to contain a number greater than 5% of the votes cast for governor by

qualified electors in the municipality at the last gubernatorial election. The petitions did not meet this threshold.

On May 2, 2022, Plaintiff's counsel contacted litigation counsel and general counsel for the Charter Township of Ypsilanti ("Township") to ascertain how many signatures were invalidated, whose signature were invalidated, and why the signatures were invalidated. Plaintiff's counsel did not receive a response prior to filing the Complaint and Motion for TRO on May 6, 2022.

Plaintiff's Complaint claims violations of the First and Fourteenth Amendments to the United States Constitution. Plaintiff's Complaint seeks the following relief, in addition to other relief:

> E.  Enjoin enforcement of Mich. Comp. Laws § 333.27956(1) until the Secretary of State has created a procedural safeguard to prevent petitions from being subject to erroneous deprivation of their rights under that Section; [and]

> F.  Issue a preliminary injunction prohibiting Defendants from enforcing the signature requirements contained in Mich. Comp. Laws § 333.27956(1) as it applies to Plaintiff and similarly situated local ballot question committees[.]

ECF No. 1, PageID.14 (Paragraphs E. and F.). In its Motion for TRO:

> [Plaintiff] move[s] for a preliminary injunction and/or temporary restraining order pursuant to Fed. R. Civ. Pro. 65(a) and 65(b) against Defendants . . . Heather Jarrell Roe, as Ypsilanti Township Clerk, Jocelyn Benson, in her official Capacity as Secretary of State, and Lawrence Kestenbaum, in his official capacity as Washtenaw County Clerk, prohibiting enforcement of Mich. Comp. Laws § 333.27956(1) until disposition of the present matter on the merits.

ECF No. 2, PageID.15-16.  Plaintiff asks the Court to order that Plaintiff's ballot initiative be placed on the August 2, 2022 ballot. *Id.* at PageID.16.

**II.**   Legal Standard

The Court considers the following four factors in determining whether to issue a temporary restraining order or preliminary injunction:

(1)   whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2)   whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3)   whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4)   whether the public interest would be served by the issuance of a preliminary injunction.

*See, e.g., Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  The standard for injunctive relief is not a rigid and comprehensive test.  The four factors are to be balanced, not prerequisites that must be satisfied, as "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

### III. Analysis

The Court finds that Plaintiff has not met its burden for the Court to issue an temporary restraining order on an ex parte basis. To begin, it is debatable whether Plaintiff has a viable procedural due process claim (or even a viable First Amendment claim), which would undermine its claim that there is a substantial likelihood of success on the merits. The Court cannot agree with Plaintiff's suggestion that it cannot pursue a writ of mandamus, and the Sixth Circuit has held that the availability of a writ of mandamus satisfies procedural due process requirements for aggrieved ballot-initiative proponents. *See, e.g., Schmitt v. LaRose*, 933 F.3d 628, 642 (6th Cir. 2019) (finding that Ohio ballot initiative statutes did not violate First Amendment and post-deprivation remedy through mandamus review satisfied procedural due process).

Plaintiff acknowledges that writs of mandamus are permissible pursuant to MCR 3.305. One of the Defendants (Benson) is a state officer and, as Plaintiff acknowledges, MCR 3.305(A)(1) provides that "An action for mandamus against a state officer may be brought in the Court of Appeals or the Court of Claims." And, although Plaintiff seems to contend that it cannot file a writ of mandamus against non-state officers, MCR 3.305(A)(2) provides that "All other actions for mandamus must be brought in the circuit court unless a statute or rule requires or allows the action to be brought in another court." Accordingly, it appears that

Plaintiff has the ability and venue(s) to challenge both the constitutionality of MCL § 333.27956(1) and/or the Township Clerk's rejection of Plaintiff's petition for ballot initiative by filing a writ of mandamus.

The Court also is not persuaded that Plaintiff is likely to suffer irreparable harm.  In addition to having an avenue to challenge the Township Clerk's rejection of Plaintiff's petition for ballot initiative by filing a writ of mandamus, in the event that the Court were to grant Plaintiff's request that the Court *prohibit the enforcement* of MCL § 333.27956(1), Plaintiff would not have the right to petition to have its ballot initiative placed on the August 2, 2022 ballot.  For, if MCL § 333.27956(1) cannot be enforced, there would be no authority pursuant to which Plaintiff would have the right to "petition to initiate an ordinance to provide for the number of marihuana establishments allowed within a municipality or to completely prohibit marihuana establishments within a municipality."  Without that right to petition to initiate such an ordinance, there would be no reason or basis for the Township Clerk (or any Defendant) to place Plaintiff's desired ballot initiative on a ballot at a regular election.

In addition, the Court questions whether Plaintiff would suffer *irreparable harm* if it succeeds on its claim that MCL § 333.27956(1) violates Plaintiff's constitutional rights to free speech and assembly.   If Plaintiff succeeds on that claim, Plaintiff's ballot initiative can be placed on the ballot in a future election

6

(perhaps as soon as November 2022, only three months later than when Plaintiff currently seeks to do so). That undercuts Plaintiff's argument that the harm would be irreparable.

**IV.   Conclusion**

For the foregoing reasons, specifically that Plaintiff has failed to meet its burden of showing a substantial likelihood of success on the merits in this Court or that it will suffer irreparable harm,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order is DENIED.

IT IS FURTHER ORDERED that, on or before Monday, May 9, 2022, Plaintiff shall notify the Court and Defendants if it desires to move forward with a preliminary injunction hearing in this Court, with such hearing to be held on or after May 11, 2022.

IT IS ORDERED.

Date: May 6, 2022                           s/Denise Page Hood
Time: 10:55 p.m.                            DENISE PAGE HOOD
                                            UNITED STATES DISTRICT JUDGE